IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| ALFREDO GUTIERREZ, | § | |
| Reg. No. 25407-180, | § | |
| Movant, | § | |
| | § | EP-16-CV-196-FM |
| v. | § | EP-07-CR-411-FM-4 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Movant Alfredo Gutierrez challenges his 262-month sentence, imposed by the Court after he pleaded guilty to conspiracy to possess with intent to distribute 100 kilograms or more of marijuana and possession with intent to distribute 100 kilograms or more of marijuana, through a second or successive motion under 28 U.S.C. § 2255 (ECF No. 217).[1] Gutierrez claims that, in light of *Mathis v. United States*, 136 S. Ct. 2243 (2016), *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016), and *United States v. Tanksley*, 848 F.3d 347 (5th Cir. 2017), the Court erred when it enhanced his punishment under Sentencing Guideline § 4B1.1, the career offender provision, based on his prior felony conviction in New Mexico for possession of marijuana, in violation of § 30-31-22(A)(1)(a) NMSA 1978.[2]

Gutierrez filed his first § 2255 motion on May 23, 2016,[3] which the Court dismissed with prejudice on May 31, 2016.[4] Before a movant may proceed with a second or successive § 2255

---

[1] "ECF No." refers to the Electronic Case Filing number for documents docketed in EP-07-CR-411-FM-4. Where a discrepancy exists between page numbers on filed documents and page numbers assigned by the ECF system, the Court will use the latter page numbers.

[2] Second Mot. Vacate 3, ECF No. 217.

[3] First Mot. Vacate, ECF No. 205.

[4] J., ECF No. 207.

motion, *a court of appeals panel* must first certify that it (1) contains "newly discovered evidence that . . . would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to collateral review by the Supreme Court, that was previously unavailable."[5] These restrictions eliminate "the need for the district courts to repeatedly consider challenges to the same conviction unless an appellate panel first f[in]d[s] that those challenges ha[ve] some merit."[6]

Gutierrez sought a certificate of appealability after the Court denied his first § 2255 motion, which the Fifth Circuit Court of Appeals denied.[7] Because there is nothing in the record to indicate that Gutierrez subsequently received the appropriate certification from the Fifth Circuit prior to filing a successive § 2255 motion, or that since filing the instant motion he has obtained the necessary certification, the Court finds it is without jurisdiction to entertain his claims.[8] In light of this finding, the Court will dismiss Gutierrez's successive § 2255 motion.[9]

---

[5] 28 U.S.C. § 2255(h) (2012). *Cf. Gonzalez v. Crosby*, 545 U.S. 524, 529–30 (2005) ("The relevant provisions of the [Antiterrorism and Effective Death Penalty Act] amended habeas statutes, 28 U.S.C. §§ 2244(b)(1)-(3), impose three requirements on second or successive habeas petitions: First, any claim that has already been adjudicated in a previous petition must be dismissed. § 2244(b)(1). Second, any claim that has not already been adjudicated must be dismissed unless it relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence. § 2244(b)(2). Third, before the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions. § 2244(b)(3).").

[6] *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citing In re Cain, 137 F.3d 234, 235 (5th Cir. 1998)).

[7] Order, *United States v. Gutierrez*, No. 16-50742 (5th Cir. entered Jan. 6, 2017).

[8] *See In re Tatum*, 233 F.3d 857, 858 (5th Cir. 2000) ("Before a successive 28 U.S.C. § 2255 motion may be filed in district court, the movant must obtain authorization from this court for the district court to consider the movant's successive § 2255 motion. 28 U.S.C. § 2244 (b)(3)(A), § 2255."); *Key*, 205 F.3d at 774 ("§ 2244(b)(3)(A) acts as a jurisdictional bar to the district court's

This dismissal, however, is without prejudice to Gutierrez's right to submit a motion to the Fifth Circuit for leave to file a successive § 2255 motion.

A movant may not appeal a final order in a habeas corpus proceeding "[u]nless a circuit justice or judge issues a certificate of appealability."[10] To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[11] Here, the Court finds that jurists of reason would not debate the Court's procedural ruling. Based on this finding, the Court will deny Gutierrez a certificate of appealability.[12]

The Court, therefore, enters the following orders:

**IT IS ORDERED** that Gutierrez's successive motion under 28 U.S.C. § 2255 (ECF No. 217) and civil cause EP-17-CV-196-FM are **DISMISSED WITHOUT PREJUDICE**.

---

asserting jurisdiction over any successive habeas petition until this court has granted the petitioner permission to file one."); *United States v. Rich*, 141 F.3d 550, 553 (5th Cir. 1998) (upholding dismissal of § 2255 motion where movant had not sought or acquired certification from the Fifth Circuit to file a second or successive § 2255 motion).

[9] *See* W.D. Tex. Local Rule CV-3(b)(6) ("A second or successive . . . motion for relief pursuant to 28 U.S.C. § 2255 will be dismissed without prejudice unless accompanied by a certificate issued by a panel of the Fifth Circuit.").

[10] 28 U.S.C. § 2253(c)(1)(B) (2012).

[11] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (applying *Slack* to a certificate of appealability determination in the context of § 2255 proceedings).

[12] *See* 28 U.S.C. foll. § 2255 R. 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").

IT IS FURTHER ORDERED that Gutierrez is **DENIED** a **CERTIFICATE OF APPEALABILITY**.

IT IS FINALLY ORDERED that the District Clerk shall **CLOSE** this case.

**SO ORDERED.**

SIGNED this ___7___ day of July, 2017.

FRANK MONTALVO
UNITED STATES DISTRICT JUDGE